**Jeffry Christy FERDIAN, Petitioner,**

v.

**Eric H. HOLDER Jr., Attorney General, Respondent.**

No. 06–74849.

United States Court of Appeals, Ninth Circuit.

---

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Submitted Sept. 14, 2009 *.

Filed Sept. 29, 2009.

Kathleen Siok–Sien Koh, Esquire, Law Office of Kathleen S. Koh, Whittier, CA, for Petitioner.

CAC–District Counsel, Esquire, Office of the District Counsel, Department of Homeland Security, Los Angeles, CA, Ronald E. Lefevre, Office of the District Counsel, Department of Homeland Security, San Francisco, CA, Carmel Aileen Morgan, Esquire, Trial, OIL, Barry J. Pettinato, DOJ—U.S. Department of Justice, Washington, DC, for Respondent.

Before: SILVERMAN, RAWLINSON, and CLIFTON, Circuit Judges.

## MEMORANDUM **

Jeffry Christy Ferdian, a native and citizen of Indonesia, petitions for review of the Board of Immigration Appeals' order dismissing his appeal from an immigration judge's ("IJ") decision denying his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). We have jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence, *Li v. Ashcroft*, 378 F.3d 959, 962 (9th Cir.2004), and we deny the petition for review.

The IJ denied Ferdian's asylum application claim as time-barred. Ferdian does not challenge this finding in his opening brief.

Substantial evidence supports the IJ's adverse credibility determination based on Ferdian's inconsistent statements regarding whether or not the police investigated the 1992 graffiti incident and the inconsistencies in the police's investigation of the 2000 church attack. *See id.* at 962–64 (holding that as long as one of the identified grounds is supported by substantial evidence and goes to the heart of the asylum claim, the court is bound to accept the adverse credibility finding). Substantial evidence also supports the IJ's determination that Ferdian failed to establish there is a pattern or practice of persecution of Christians in Indonesia. *See Wakkary v. Holder*, 558 F.3d 1049, 1060–62 (9th Cir.2009). Accordingly, Ferdian's withholding of removal claim fails.

Ferdian has failed to set forth any substantive argument regarding the IJ's denial of CAT relief. *See Martinez–Serrano v. INS*, 94 F.3d 1256, 1259–60 (9th Cir.1996) (issues which are not specifically raised and argued in a party's opening brief are waived).

**PETITION FOR REVIEW DENIED.**

* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.